UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER EILEEN GILLIAM, | ) | Case No.: 1:25 CV 1287 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | ORDER |

The Commissioner of Social Security Administration (the "Commissioner") denied disability benefits to Plaintiff Jennifer Eileen Gilliam ("Plaintiff" or "Gilliam") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Jennifer Dowdell Armstrong (the "Magistrate Judge" or "Judge Armstrong") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff requested an order reversing the Administrative Law Judge's ("ALJ") decision and remand for a calculation and award of benefits on the ground that the ALJ failed to properly evaluate the severity of Plaintiff's impairments prior to her date last insured ("DLI"), and that such impairments and functional restrictions establish disability for her DLI. (Pl.'s Br., ECF No. 9.) The Commissioner sought final judgment affirming her decision below. (Def.'s Br., ECF No. 12.)

Judge Armstrong submitted an R & R (ECF No. 14) on April 7, 2026, recommending that the court reverse the Commissioner's decision and remand the case for additional proceedings. Specifically, the Magistrate Judge found that the ALJ committed reversible error in determining whether Plaintiff's medically determinable impairments are "severe," and in developing Plaintiff's residual functional capacity ("RFC"). (R&R at PageID 6946.) The ALJ found some severe impairments and non-severe medically determinable impairments during the relevant period, but Judge Armstrong concluded that the ALJ's near total silence on the evidence of adrenal insufficiency and avascular necrosis "casts significant doubt upon whether and how the ALJ considered them" at step two of the analysis. (*Id.* at PageID 6947.) Furthermore, Judge Armstrong concluded that the ALJ did not accurately and completely summarize Plaintiff's treatment record, nor mention significantly probative examination findings regarding Plaintiff's gait, strength, and ability to ambulate during the disability period, despite these findings occurring only days after the last insured date. (*Id.* at PageID 6948–49.) Thus, Judge Armstrong explained, "[t]he lack of an acknowledgment of this evidence—or any evidence postdating the DLI—leads to ambiguity as to whether the ALJ considered this evidence in formulating the RFC." (*Id.* at PageID 6949. Accordingly, Judge Armstrong recommended reversal and remand for a new decision based on the ALJ's silence on Plaintiff's adrenal insufficiency and avascular necrosis conditions, and whether the ALJ considered them at all in crafting the RFC. (*Id.* at PageID 6952–53.)

Objections to the Magistrate Judge's R & R were due by April 21, 2026, but neither Gilliam nor the Commissioner submitted any. Therefore, this matter is ripe for review.

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and

controlling case law. Accordingly, the court adopts as its own Judge Armstrong's Report and

Recommendation (ECF No. 14). The court hereby reverses the Commissioner's decision denying

disability insurance benefits and remands this matter for further proceedings in accordance with the

Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 29, 2026

-3-